IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1675-03






GODFREY VANN MILLER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


LEON COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N



 I join the majority opinion because the Rules of Appellate Procedure requires the result
reached in that opinion. However, the rule as currently written fails to recognize that sometimes
what is supposed to be done in a particular way gets done, but in, perhaps, a more efficient way. 

 In a number of counties, written notices of appeal are routinely given to the judge at the time
of sentencing. The judge then records the notice on the docket sheet and hands the notice to the
court clerk. The clerk receives the notice, stamps it with the proper date, and inserts it into the
defendant's file. Trouble arises when the clerk, for whatever reason, puts the notice in the file
without stamping it. 

 No one disputes that appellant timely filed his notice of appeal with the trial judge. The
docket sheet reflects that notice was filed at sentencing. Defense counsel has filed an affidavit that
the notice was timely filed on the day of sentencing. The state does not deny that it received a copy
of the notice on the day of sentencing, nor did it oppose appeal bond. The only problem is the
clerk's time stamp.

 It is appellant's misfortune that written notice to the trial court is at this time not sufficient;
his only means of remedy now is through writ of habeas corpus alleging ineffective assistance of
counsel. This further complicates the problem, as it is likely that the attorney followed local custom
in presenting the notice of appeal to the judge and should not be held to have been ineffective. It is
my opinion that timely service of written notice on the trial court and acknowledgment of that notice
on the docket sheet (as is conceded here) or timely filing with the court clerk should suffice. 


Filed: October 26, 2005

En banc 

Do not publish